# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

CHRISTOPHER SMITH                                                                                         PLAINTIFF

v.                                          4:22-cv-00660-KGB-JJV

KILOLO KIJAKAZI,
Acting Commissioner,
Social Security Administration,                                                                          DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge Kristine G. Baker.  The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection.  The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations.  A copy must be served on the opposing party.  The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

## RECOMMENDED DISPOSITION

Christopher Smith, Plaintiff, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for disability insurance benefits.  The Administrative Law Judge (ALJ) concluded he had not been under a disability within the meaning of the Social Security Act, because he could perform his past relevant work despite his impairments.  (Tr. 11-28.)

This review function is extremely limited.  A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error.  *Long v. Chater*, 108 F.3d

185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful review, for the following reasons, I recommend this matter should be remanded to the Commissioner for further development of the record.

Plaintiff was forty-four years old at the time of the administrative hearing. (Tr. 52.) He testified he was a high school graduate, attended college for six years, but did not earn a degree. (*Id.*) He has past relevant work as a patient care representative, customer complaint clerk, training coordinator, and grocery clerk. (Tr. 27.)

The ALJ[1] found Mr. Smith has not engaged in substantial gainful activity since August 13, 2020 – the alleged onset date. (Tr. 14.) He has "severe" impairments in the form of "diabetes

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

mellitus type 2, history of myocardial infarct and coronary bypass graft with pacemaker implant, coronary artery disease, cardiomyopathy, chronic heart failure, tachycardia, neuropathy, hypertension, muscle atrophy, muscle wasting syndrome, peroneal nerve palsy of the left lower extremity, hyperlipidemia, hyperglycemia, obesity, and bilateral cubital and carpal tunnel syndrome status post release in 2019." (*Id.*)  The ALJ further found Mr. Smith did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2]  (Tr. 18-20.)

The ALJ determined Mr. Smith had the residual functional capacity to perform a reduced range of sedentary work given his physical and mental impairments.  (Tr. 20.)  With the help of a vocational expert, (Tr. 71-75), the ALJ determined Mr. Smith could perform his past jobs as a Patient Care Representative and Customer Complaint Clerk.  (Tr. 27.)  Accordingly, the ALJ determined Mr. Smith was not disabled.  (Tr. 28.)

The Appeals Council received additional information and then denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner.  (Tr. 1-5.)  Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of his Complaint, Mr. Smith argues that the ALJ's residual functional capacity (RFC) assessment was flawed.  (Doc. No. 10 at 2-17.)  Plaintiff raises several issues, but the most compelling is regarding the additional evidence later submitted to the Appeals Council.  Plaintiff says:

> Contrary to the Appeals Council ruling, Dr. Chaudhary's opinion addressed Smith's disability prior to the ALJ's determination date of July 19, 2021. As the medical record confirms, Dr. Chaudhary was part of Plaintiff's treatment team, which included a cardiologist, an endocrinologist, and neurologist, Dr. Masangkay. (Tr. at 740, 747.) Because Dr. Chaudhary was part of a concerted care team in managing Smith's complicated medical case, he was in a position to collaborate

---

[2] 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.

>   with Dr. Masangkay, and consider the records he developed regarding Plaintiff's impairments and how they impacted his capacities. In fact, Dr. Chaudhary cited Smith's numerous impairments as the basis for several limitations, including: left foot drop; and neuropathy of the bilateral upper and lower extremities with hand muscle weakness and balance deficits. (Tr. at 39-40.) These factors were all discussed by Dr. Masangkay as observed in the ALJ's summary of Dr. Masangkay's records as detailed above.

(*Id.* at 11.)

Although somewhat a close call giving the timing of this evidence, I find this matter should be remanded for further development of the record. The evidence Plaintiff submitted to the Appeals Council is compelling and must be further considered.

A month after the ALJ issued his opinion, Plaintiff's treating physician, Jyoti Chaudhary, M.D., completed a Medical Assessment of Ability to do Work Related Activities (Physical). (Tr. 39-40.) Dr. Chaudhary's assessment provides significant limitations that – if found to be persuasive - impact Plaintiff's residual functional capacity. This opinion is well supported and deserves consideration by an ALJ. It should have been greater consideration by the Appeals Council.

More significant is the additional objective, diagnostic test results. Roughly two months after the ALJ rendered his decision, Plaintiff underwent nerve conduction velocity testing. Neurologist Michael E. Clevenger, M.D., reported that the test "revealed findings of diffuse, moderate to profound, motor and sensory peripheral neuropathic process. There was prolongation of motor and sensory response latencies as well as slowing of conduction velocities in all nerves studied bilaterally." (Tr. 36.) Electromyography testing also showed irregularity. (Tr. 37.) Although the date of this examination also post-dates the date of the ALJ's decision, it clearly supports Plaintiff's allegations and calls into question whether the "ALJ's decision is supported by substantial evidence in the record as a whole, including the new evidence deemed material by

4

the Appeals Council that was not before the ALJ." *Mackey v. Shalala*, 47 F.3d 951, 952 (8th Cir. 1995).

After careful review of the record, I find the Commissioner's decision should be remanded for further development of the record. Although the Commissioner makes some persuasive arguments to support the ALJ's determination, (Doc. No. 12), this additional evidence seriously calls into question the Commissioner's decision. Therefore, this case should be remanded to the Commissioner for further development of the record. On remand, the Commissioner should address the limitations recognized by Drs. Clevenger and Chaudhary and reconsider Plaintiff's residual functional capacity.

THEREFORE, this matter should be REVERSED and REMANDED for action consistent with this opinion and all pending motions should be rendered moot. This is should be a "sentence four" remand within the meaning of 42 U.S.C. § 405 (g).

DATED this 6th day of March 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE