IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CHRISTOPHER SMITH**                                                                                     **PLAINTIFF**

v.                                    Case No. 4:22-cv-00660-KGB

**KILOLO KIJAKAZI, Acting Commissioner,**
**Social Security Administration**                                                                 **DEFENDANT**

## ORDER

Before the Court are the Proposed Findings and Recommended Disposition ("Recommendation") submitted by United States Magistrate Judge Joe J. Volpe (Dkt. No. 15). Judge Volpe recommends reversing and remanding the action for further development of the record regarding plaintiff Christopher Smith's claim for disability insurance benefits (*Id*., at 5). The Commissioner of the Social Security Administration ("Commissioner") filed timely objections to Judge Volpe's Recommendation (Dkt. No. 20). After careful consideration of the Recommendation and the objections, as well as a *de novo* review of the record, the Court concludes that the Recommendation should be, and hereby is, approved and adopted in its entirety as this Court's findings in all respects (Dkt. No. 15). The Court reverses the Commissioner's decision and remands this action for further action consistent with this opinion. The Court writes to address the Commissioner's objections.

**I.      Background**

Mr. Smith was 44 years old at the time of the administrative hearing (Dkt. No. 15, at 2). Mr. Smith testified that he was a high-school graduate, attended college for six years, but did not earn a degree, and had past relevant work as a patient care representative, customer complaint clerk, training coordinator, and grocery clerk (*Id*.). The Administrative Law Judge ("ALJ") found that Mr. Smith had not engaged in substantial gainful activity since his alleged onset date.

According to the ALJ, Mr. Smith had the following severe impairments: "diabetes mellitus type two, history of myocardial infarct and coronary bypass graft with pacemaker implant, coronary artery disease, cardiomyopathy, chronic heart failure, tachycardia, neuropathy, hypertension, muscle atrophy, muscle wasting syndrome, peroneal nerve palsy of the left lower extremity, hyperlipidemia, hyperglycemia, obesity, and bilateral cubital and carpal tunnel syndrome status post release in 2019." (*Id.*, at 2-3). The ALJ determined that Mr. Smith did not have a listed impairment and had the residual functional capacity to perform a reduced range of sedentary work given his physical and mental impairments (*Id.*, at 3). With the help of a vocational expert, the ALJ determined that Mr. Smith could perform his past jobs of patient care representative and customer complaint clerk (*Id.*).

After reviewing the administrative record and the briefing of the parties, Judge Volpe concluded that remand was warranted for consideration of evidence that Mr. Smith submitted to the Appeals Council after the ALJ's July 19, 2021, decision (Dkt. No. 15, at 3-5). In October 2021, Mr. Smith submitted to the Appeals Council the August 25, 2021, medical opinion of Jyoti Chaudhary, M.D. (Dkt. No. 8-3, at 2-3; 8-4, at 2). Further, in December 2021 Mr. Smith submitted a September 27, 2021, electromyography ("EMG") and nerve conduction velocity ("NCV") studies of Mr. Smith's upper and lower extremities (Dkt. No. 8-2, at 36-38). Judge Volpe determined that Dr. Chaudhary's assessment is well supported, deserves consideration, and provides significant limitations that, if found to be persuasive, impact Mr. Smith's residual functional capacity (Dkt. No. 15, at 4). Judge Volpe found even more persuasive the objective, diagnostic test results from the NCV testing performed by Neurologist Michael E. Clevenger, M.D., which revealed "findings of diffuse, moderate to profound, motor and sensory peripheral neuropathic process," and "prolongation of motor and sensory response latencies as well as

slowing of conduction velocities in all nerves studied bilaterally." (*Id.*). Judge Volpe notes the EMG testing also showed irregularity (*Id.*). The Appeals Council noted the additional medical records submitted by Mr. Smith but stated that the "additional evidence does not relate to the period at issue." (Dkt. No. 8-2, at 3). The Appeals Council concluded that the evidence did not affect the decision about whether Mr. Smith was disabled beginning on or before July 19, 2021 (*Id.*).

## II.    Discussion

The Commissioner objects to Judge Volpe's Recommendation because, according to the Commissioner, the Appeals Council must only consider additional evidence if it is new, material, and relates to the time period before the ALJ's decision which, in this case, was issued on July 19, 2021. The ALJ contends that because both Dr. Choudhary's medical opinion, which was authored one month after the ALJ's hearing, and the EMG and NCV studies, which were conducted nearly two months after the ALJ's decision, do not relate to the relevant time period, Judge Volpe erred by recommending remand (Dkt. No. 16, at 3-4).

In *Cunningham v. Apfel*, the United States Court of Appeals for the Eighth Circuit considered whether the Appeals Council should have considered materials submitted to the Appeals Council regarding Ms. Cunningham's mental limitations that both pre-dated and post-dated the relevant time period. *Cunningham v. Apfel*, 222 F.3d 496, 501-502 (8th Cir. 2000). The Court stated that "[t]he timing of an examination is not dispositive of whether evidence is material; medical evidence obtained after an ALJ decision is material if it relates to the claimant's condition on or before the date of the ALJ's decision."

In this case, the record is replete with evidence that Mr. Smith suffered from neuropathy in his hands and feet within the relevant time period. For example, in a treatment note from an appointment with Neil Masangkay, M.D., at the UAMS Neurology Clinic on March 30, 2021,

within the relevant time period, Dr. Masangkay noted that Mr. Smith had "gradually progressive numbness and tingling accompanied by atrophy and weakness affecting the left arm and leg" and that this has led to "some atrophy of the left hand along with a left foot drop" (Dkt. No. 8-13, at 4).  Dr. Masangkay noted "severe weakness of both hands . . . and both ankles." (*Id*., at 5).  "Atrophy was seen in the intrinsic hand muscles," left was greater than right, and "[s]ensation of pinprick was absent up to the knees bilaterally," and "reflexes were absent." (*Id*.).  Dr. Masangkay assessed that it would be best to "repeat a nerve conduction study of both arms and his more affected leg to see where things stand now." (*Id*., at 5).  The fact that Mr. Smith was able to obtain a nerve conduction study, although shortly after the ALJ rendered his opinion, is material evidence relevant to Mr. Smith's condition given that objective evidence during the relevant time period noted deterioration of his condition warranting a repeat study.

The Commissioner further objects that Mr. Smith has failed to establish that Dr. Chaudhary's opinion and the EMG and NCV studies would have changed the ALJ's decision (Dkt. No. 16, a 4).  The Commissioner points out that the ALJ had already formulated a "very restrictive RFC finding limiting Plaintiff to sedentary work with frequent (as opposed to constant) handling and fingering, [and] the ability to wear a left foot brace" (*Id*.).  Dr. Chaudhary's opinion, however, notes "significant weakness of the left hand muscles, poor hand grip" as well as functional impairment in reaching, handling, and feeling and limitation in balancing, stooping, crouching, kneeling, and crawling (Dkt. No. 8-4, at 2).  These findings of significant limitation in Mr. Smith's upper and lower extremities call into question the ALJ's decision as to Mr. Smith's RFC, particularly the finding that Mr. Smith has the residual functional capacity to frequently finger and handle, bilaterally, and to occasionally stoop, kneel, crouch and crawl.

Accordingly, the Court overrules the Commissioner's objections.

**III.    Conclusion**

For these reasons, the Court adopts Judge Volpe's Recommendation as this Court's findings in all respects (Dkt. No. 15).  The Court reverses the Commissioner's decision and remands this action for further action consistent with this opinion.  This is a "sentence four" remand within the meaning of 42 U.S.C. § 405(g).

So ordered this 12th day of September, 2023.

_____
Kristine G. Baker
United States District Judge